IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VASAYO, LLC, a Utah limited liability company,<br><br>      Plaintiff,<br><br>v.<br><br>UZESTA HONG KONG LTD., a foreign corporation, and UZESTA, LLC, a Utah limited liability company<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br><br>Case No. 2:22-CV-33-TS-JCB<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Vasayo, LLC's Motion to Remand (the "Motion") the case back to the Third Judicial District Court of Utah, Salt Lake County on the basis that the Court lacks subject matter jurisdiction. For the reasons discussed below, the Court grants the Motion.

I.  BACKGROUND

Plaintiff brought this action against Uzesta Hong Kong Ltd. ("Uzesta Hong Kong") and Uzesta LLC ("Uzesta") (collectively, "Defendants") in state court asserting tortious interference with contract and business relations, misappropriation of trade secrets, and civil conspiracy.[1] Plaintiff alleges that it is a Utah limited liability company doing business in Pleasant Grove, Utah.[2] Plaintiff further alleges that Defendant Uzesta Hong Kong is incorporated in Hong Kong, China and Defendant Uzesta is Utah limited liability company doing business in Sandy, Utah.[3]

---

[1] *See* Docket No. 5-1 ¶¶ 61–93.

[2] *Id.* ¶¶ 1, 7.

[3] *Id.* ¶¶ 2–3, 33.

After Plaintiff filed suit in state court, Defendants removed this action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.[4] In their Notice of Removal, Defendants allege that Plaintiff fraudulently joined Defendant Uzesta to defeat diversity jurisdiction.[5] After the case was removed to federal court, Plaintiff filed a motion to remand the action back to state court arguing that Defendant Uzesta was not fraudulently joined and that this court lacks subject matter jurisdiction.[6]

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441, a civil action is removable where "district courts of the United States have original jurisdiction." Sections 1331 and 1332(a) provide for original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States" (federal questions jurisdiction) and cases "where the matter of controversy exceeds . . . $75,000 . . . and is between . . . citizens of different states" (diversity jurisdiction). "Removal statutes are to be strictly construed and all doubts are to be resolved against removal."[7] "[T]he parties removing [the] case to federal court . . . bear the burden of establishing jurisdiction by a preponderance of the evidence."[8]

---

[4] *See* Docket No. 2.

[5] *Id.* ¶ 6.

[6] *See* Docket No. 14.

[7] *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).

[8] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (citing *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)); *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

III.   DISCUSSION

Defendants removed this case from state court invoking diversity jurisdiction. The parties agree that the amount in controversy exceeds the $75,000 statutory threshold but contest the existence of complete diversity of citizenship among the parties.

As an initial matter, the Court notes that Defendants' Notice of Removal is facially deficient. Under DUCivR 81-2(a)(2)(C)(ii), when the court's jurisdiction is based upon diversity of citizenship and when a party is a limited liability company, the Notice of Removal must include the name, residence, and domicile of all its members. No such information is in Defendants' Notice of Removal.[9] Defendants claim that Defendant Uzesta is a citizen of Utah because it is a Utah limited liability company.[10] However, citizenship of a limited liability company is determined by the citizenship of each of its members.[11] Neither Plaintiff's Complaint nor Defendants' Notice of Removal identifies Plaintiff's or Defendant Uzesta's members or their citizenship. Without asserting the necessary facts to establish diversity of citizenship, Defendants fail to demonstrate that this Court has original jurisdiction, which is necessary for removal under § 1441(a). For this reason alone, removal is improper and the Court will remand the case to state court.

Even assuming that Defendants' Notice of Removal was facially sufficient, Defendants fail to establish their claim for fraudulent joinder. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."[12] The party

---

[9] *See generally* Docket No. 2.

[10] *Id.* ¶ 6.

[11] *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990); *see also Siloam Springs Hotel L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

[12] *Purdy v. Starko, Inc.*, No. 1:10-CV-00042-DAK, 2010 WL 3069850, at *2 (D. Utah Aug. 4, 2010) (internal citations omitted).

removing based upon fraudulent joinder bears a heavy burden in demonstrating "either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[13] [A]ll factual and legal issues must be resolved in favor of the plaintiff."[14] When a party claims fraudulent joinder, the Court "may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[15]

> In so doing, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant. A "reasonable basis" means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.[16]

Here, Defendants argue that Plaintiff cannot establish a cause of action in state court against Defendant Uzesta[17] because Defendant Uzesta is separate from Defendant Uzesta Hong Kong: "Uzesta does not conduct business, has no customers, engages in no transactions, and is not controlled or managed by Uzesta Hong Kong. Uzesta merely holds a United States trademark registration right on the name 'Uzesta' in the United States."[18] In response, Plaintiff alleges that Defendant Uzesta is "the operating arm of the Uzesta brand in the United States and legally responsible for the raiding, misappropriation, and interference by Uzesta with Vasayo's business that has occurred in the United States."[19] Plaintiff claims that Dan Zhu owns and operates Uzesta

---

[13] *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

[14] *Id.* (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

[15] *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (internal citations omitted).

[16] *Nerad v. AstraZeneca Pharms., Inc.*, 203 F.App'x 911, 913 (10th Cir. 2006) (internal citation omitted).

[17] Docket No. 2 ¶ 6; Docket No. 16 at 11–14.

[18] Docket No. 2 ¶ 6.

[19] Docket No. 17 at 8 (emphasis omitted); *see* Docket No. 5-1 ¶ 5.

and Uzesta Hong Kong and publicly calls his business Uzesta Global which has offices in Hong Kong, Taiwan, and the United States.[20] Plaintiff also points to Zhu (Drew) Zhou's testimony and alleges that Uzesta was formed to obtain United States trademarks for Uzesta Hong Kong and eventually conduct business in the United States.[21]

Whether Defendant Uzesta carries out business in the United States is a factual issue that must be resolved in favor of Plaintiff. Although Defendants point to weaknesses in Plaintiff's arguments, they have not met their high burden of demonstrating "with complete certainty" that Plaintiff's claims against Defendant Uzesta for tortious raiding, misappropriation of trade secrets, and civil conspiracy fail.[22] Whether Plaintiff is likely to succeed on the merits of these claims is not for this court to decide.[23] Because the Court cannot conclude that Plaintiff has no cause of action against Defendant Uzesta, the Court will remand.

As a final matter, the Court turns to Plaintiff's request for attorney's fees and costs. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of costs and expenses, including attorney fees. "[T]he standard for awarding fees should turn on the reasonableness of the removal."[24] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[25] Although Defendants' Notice of Removal is facially deficient, given the factual issues

---

[20] Docket No. 14 at 10 (citing Docket. No. 5-1 ¶ 23).

[21] *Id.* at 11 (citing Docket No. 14-1 at 92:21).

[22] *Dodd*, 329 F.2d at 82 (holding that the issue of fraudulent joinder must "be proven with complete certainty") (internal citation omitted).

[23] *Dutcher*, 733 F.3d at 989.

[24] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

[25] *Id*.

regarding Defendant Uzesta's business conduct, they had an objectively reasonable basis for removing under fraudulent joinder. For the foregoing reason, the Court will deny Plaintiff's request for attorney's fees and costs.

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 14) is GRANTED. The Clerk of the Court is directed to transfer this case to the Third Judicial District Court of Utah, Salt Lake County and close this case forthwith.

DATED this 10th day of March, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge